WALTER K. FLETCHER, by his guardian, Madison K. Fletcher,

*v.*

JOSÉ HERNANDEZ ET AL.

San Juan, Law, No. 931.

ON DEMURRER.

Automobile Accident—Parties.
>    1. Where the plaintiff is injured by an automobile running into one from which he is taking an article belonging to him, the owner of the automobile is not a necessary party.

Practice—Costs.
>    2. The terms will usually be imposed upon sustaining a second demurrer, but this is discretionary with the court.

Opinion filed December 8, 1913.

*Messrs. N. B. K. Pettingill* and *E. B. Wilcox* for plaintiff.

*Mr. Frank Antonsanti* for defendant.

HAMILTON, Judge, delivered the following opinion:

This is a damage suit for personal injuries, the plaintiff alleging that in getting down out of an automobile, apparently

a public automobile, he was injured by another automobile or some vehicle coming up from behind. José Hernandez, who was alleged to have been in this vehicle, and the Porto Rico Motor Company, which was apparently the owner of the carrying automobile, are both defendants. This seems to be a demurrer to the amended complaint.

1. The demurrer of Hernandez is overruled. The demurrer of the Porto Rico Motor Company is sustained. It would seem as if the allegations of the complaint are not full enough to sustain the suit against the Porto Rico Motor Company; but it is possible they may be aided by amendment. The company's automobile seems to have been standing on the right side of the road.

2. This is the second time the matter has come up, and the court would be inclined to impose costs, but Mr. Pettingill, the attorney for the plaintiff, not being on the island, has not furnished, possibly has not had the opporunity to furnish, the court with authorities on his side, and the court will not, therefore, impose terms.

The demurrer is sustained, and the plaintiff is given this week to make any amendment he sees fit. I take the liberty of putting it that way, as I assume Mr. Pettingill is the leading counsel. I think the only way I could manage that would be to sustain the demurrer and allow an amendment. I am satisfied that there are some things that must be amended anyhow, and the matter may come up again, and I will impose no terms. It is somewhat unusual not to impose terms on the second demurrer, but I think probably it is fair under the circumstances.